951 F.2d 365
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Spencer WATSON, Petitioner-Appellant,
v.
William GOTCHER; William Gotcher, Respondents-Appellees.
 No. 91-15274.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 26, 1991.*
Decided Dec. 16, 1991.
 
 Before HUG, POOLE and CANBY, Circuit Judges.
 MEMORANDUM**
 Spencer Watson, an Arizona state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition for habeas corpus. We review de novo, Watts v. Bonneville, 879 F.2d 685, 687 (9th Cir.1989), and affirm.
 Watson contends that the district court erred in dismissing his habeas petition as successive. This contention lacks merit.
 "Controlling weight may be given to denial of a prior application for federal habeas corpus or § 2255 relief only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application." Sanders v. United States 373 U.S. 1, 15 (1963); see also Rule 9(b), Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254. "The 'ends of justice' require federal courts to entertain [successive habeas corpus] petitions only where the prisoner supplements his constitutional claim with a colorable showing of factual innocence." Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986) (plurality opinion); cf. McClesky v. Zant, 111 S.Ct. 1454, 1470 (1991) (federal courts will consider merits of new claim raised in second habeas petition only if petitioner demonstrates a fundamental miscarriage of justice would otherwise result).
 
 
 1
 Here, it has already been established that Watson's petition is successive. See Watson v. Gotcher, No. 87-2116, unpublished memorandum disposition (9th Cir. April 6, 1989). Furthermore, although the district court afforded Watson ample opportunity to supplement his petition to make a colorable showing of factual innocence, he failed to do so.[1] Accordingly, the district court properly denied the petition.
 
 
 2
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On July 6, 1989, the district court ordered Watson to amend his petition to allege facts, which, if true, would establish a colorable showing of factual innocence. In his amended petition, Watson raised a number of new claims but did not address the issue of factual innocence. The district court properly refused to consider the new issues raised in Watson's amended petition and gave Watson a second opportunity to demonstrate how the ends of justice would be served by reaching the merits of his previously adjudicated claims. When Watson failed to comply with the second order, the district court denied the petition